IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INFERNAL TECHNOLOGY, LLC, and TERMINAL REALITY, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 2:19-cv-248-JRG-RSP |
| SONY INTERACTIVE ENTERTAINMENT LLC, | § § § § | |
| Defendant. | § § | |

**JOINT STIPULATION OF THE PARTIES IN RESPONSE TO THE COURT'S STANDING ORDER PROVISIONS REGARDING REMOTE SOURCE CODE REVIEW**

Pursuant to the Protective Order entered in this case (Dkt. 50) and to comply with Section E of the Court's Standing Order Regarding Pretrial Procedures in Civil Cases Assigned to Chief District Judge Rodney Gilstrap During the Present COVID-19 Pandemic, dated April 20, 2020, Plaintiffs Infernal Technology, LLC ("Infernal") and Terminal Reality, Inc. ("Terminal Reality") (Infernal and Terminal Reality are collectively referred to as the "Plaintiffs") and Defendant Sony Interactive Entertainment LLC ("Defendant" or "SIE") hereby stipulate as follows:

1. Plaintiffs and Defendant shall apply temporary procedures during the present COVID-19 pandemic to facilitate remote source code review, subject to the provisions set forth in Section E of the Court's April 20, 2020 Standing Order.

2. Defendant will make arrangements to allow remote source code review via Zoom screen-sharing with remote control (https://support.zoom.us/hc/en-us/articles/201362673-Requesting-or-giving-remote-control#heading=h.65ma9ec1h8lm) for two (2) source code computers during the normal business hours of 8:30 a.m. to 6:00 p.m. Central Time, Monday

through Friday set forth in the Protective Order (Dkt. 50), for Defendant's source code production for the following games: Knack, Knack 2, Gran Turismo Sport, Shadow of the Beast, Hardware: Rivals, Horizon: Zero Dawn, Killzone 2, Killzone 3, Killzone Trilogy, Killzone: Shadow Fall, RIGS: Mechanized Combat League, Little Big Planet PS Vita, The Last of Us, inFamous, inFamous 2, inFamous First Light, inFamous Second Son, inFamous Festival of Blood, inFamous Collection, and any future source code productions for source code that has not been previously made available for inspection.

3.      Defendant also will make the same arrangements as set forth above in paragraph 2 for remote review of past source code that Defendant had already previously made available for in-person inspection and that Plaintiffs already inspected in person, which includes the source code for the following games and consoles:  God of War, MAG: Massive Action Game, Resistance 2, Resistance 3, Spider-man, Uncharted: Drake's Fortune, Uncharted 2: Among Thieves, Uncharted 3: Drake's Deception, Uncharted 4: A Thief's End, Uncharted: Golden Abyss, Uncharted: The Lost Legacy, Playstation 3 console, Playstation 4 console, and Playstation Vita console.  However, Defendant's agreement to make this past source code available for remote review shall not be deemed to provide a basis for or constitute any admission or agreement that Plaintiffs have any good cause to amend infringement contentions or to provide infringement contentions beyond the 60 days set forth in paragraph 3(a)i of the Discovery Order (Dkt. 55) in this case.

4.      To help mitigate security concerns, Plaintiffs agree that no personnel from Plaintiffs and/or Plaintiff's counsel or support staff will allow viewing of the source code by anyone not permitted to do so under the Protective Order (Dkt. 50) or will attempt to transfer, copy, or screen capture any of the source code, or otherwise make improper use of the remote review.  Defendant will make remote review available after signed, written certifications are provided by Plaintiff's

counsel and each individual involved in remote review that they: i) will not allow viewing of the source code by anyone not permitted to do so under the Protective Order (Dkt. 50), and ii) will not attempt to transfer, copy, or screen capture any of the source code, or otherwise make improper use of the remote review.

5. To help mitigate security concerns for Plaintiff's review of source code, Defendant agrees that no personnel from SIE and/or SIE's counsel or support staff will monitor Plaintiffs' review of Defendant's source code production in any manner aside from assistance with login and logoff of each remote review session through Zoom and Defendant's counsel and each individual involved in facilitating any remote review sessions will provide signed, written certifications that SIE and SIE's counsel or support staff will not monitor Plaintiffs' review of Defendant's source code production in any manner aside from assistance with login and logoff of each remote review session through Zoom.

6. Any violation of such certifications made pursuant to paragraphs 4 and 5 above shall constitute a violation of the Protective Order (Dkt. 50).

7. The remote source code review will be otherwise governed by the Protective Order (Dkt. 50), subject to the modifications set forth herein as necessary to facilitate remote review.

8. Defendant is not waiving or forfeiting its right to continue to contest venue in this case (which it continues to contest, as set forth in Defendant's pending Motion to Dismiss or Alternatively Transfer (Dkt. 89)) by virtue of filing this stipulation agreeing to provide remote source code review in compliance with this Court's April 20, 2020 Standing Order.

9. The parties shall have the right to revisit the propriety and need for this stipulation and for remote source code review as the circumstances surrounding the COVID-19 pandemic continue to evolve.

A proposed order setting forth the foregoing is attached.

Dated: May 6, 2020                                   Respectfully submitted,

| | |
|---|---|
| */s/ Michael C. Pomeroy* | */s/ Jason R. Mudd* |
| Eric W. Buether | Melissa Richards Smith |
| State Bar No. 03316880 | Texas State Bar No. 24001351 |
| Eric.Buether@BJCIPLaw.com | Email: melissa@gillamsmithlaw.com |
| Christopher M. Joe | **GILLAM & SMITH, LLP** |
| State Bar No. 00787770 | 303 South Washington Avenue |
| Chris.Joe@BJCIPLaw.com | Marshall, Texas 75670 |
| Kenneth P. Kula | Telephone: (903) 934-8450 |
| State Bar No. 24004749 | Facsimile: (903) 934-9257 |
| Ken.Kula@BJCIPLaw.com | |
| Michael D. Ricketts | Jason R. Mudd |
| State Bar No. 24079208 | KS Bar No. 25749 |
| Mickey.Ricketts@BJCIPLaw.com | Email: jason.mudd@eriseip.com |
| Michael C. Pomeroy | Eric A. Buresh |
| State Bar No. 24098952 | KS Bar No. 19895 |
| Michael.Pomeroy@BJCIPLaw.com | Email: eric.buresh@eriseip.com |
| Thomas J. Gohn | Mark C. Lang |
| State Bar No. 24097742 | KS Bar No. 26185 |
| TJ.Gohn@BJCIPLaw.com | Email: mark.lang@eriseip.com |
| **BUETHER JOE & CARPENTER, LLC** | **ERISE IP, P.A.** |
| 1700 Pacific Avenue | 7015 College Blvd., Suite 700 |
| Suite 4750 | Overland Park, Kansas 66211 |
| Dallas, Texas 75201 | Telephone: (913) 777-5600 |
| Telephone: (214)466-1271 | Facsimile: (913) 777-5601 |
| Facsimile: (214) 635-1827 | |
| | Kelly Hughes |
| **ATTORNEYS FOR PLAINTIFFS** | CO Bar No. 51177 |
| **INFERNAL TECHNOLOGY, LLC AND** | Email: kelly.hughes@eriseip.com |
| **TERMINAL REALITY, INC.** | Karyn Kesselring |
| | CO Bar No. 52476 |
| | Email: karyn.kesselring@eriseip.com |
| | **ERISE IP, P.A.** |
| | 5299 DTC Blvd., Suite 1340 |
| | Greenwood Village, Colorado 80111 |
| | Telephone: (913) 777-5600 |
| | Facsimile: (913) 777-5601 |
| | |
| | ***Counsel for Defendant*** |
| | ***Sony Interactive Entertainment LLC*** |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on May 6, 2020. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

*/s/ Michael C. Pomeroy*
Michael C. Pomeroy
