# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| INFERNAL TECHNOLOGY, LLC and TERMINAL REALITY, INC., | § § § § § § § § § § § § | |
| *Plaintiffs,* | | |
| v. | | Case No. 2:19-cv-248-JRG |
| SONY INTERACTIVE ENTERTAINMENT LLC, | | |
| *Defendant.* | | |

## JOINT NOTICE PURSUANT TO STANDING ORDER

Plaintiffs Infernal Technology, LLC and Terminal Reality, Inc. and Defendant Sony Interactive Entertainment LLC, [collectively, "the Parties"] file this Joint Notice pursuant to the Court's Standing Order regarding the Novel Coronavirus (COVID-19) [hereinafter "Standing Order"].

**Plaintiffs' Position**

Pursuant to paragraph 1 of the Court's Standing Order, and "erring on the side of caution," Plaintiffs notified Defendant on Monday, November 16, 2020 that one of their attorneys on this matter tested positive for COVID on November 14. That attorney is quarantined and will not attend the November 23, 2020 pretrial conference. Although two of the attorneys who will participate in the pretrial conference have "been in contact within the past 14 days with [this] individual," they have tested negative for the virus. The phrase "been in contact" in this context clearly means in physical contact.

In addition, Plaintiffs' lead attorney, Eric Buether, who anticipates attending the pretrial conference, has not been in contact with the individual within the last 16 days. Mr. Buether was

in Brazil from November 6 through November 16 visiting his mother-in-law there. While in Brazil, Mr. Buether's wife was tested negative for the virus. Mr. Buether has just returned to Dallas today and is scheduled to take a COVID-19 test tomorrow at 2:30 p.m. Mr. Buether will only attend the pretrial conference if the test is negative for the virus. If the test is positive, we will inform the Court and opposing counsel. Contrary to Defendant's representations, CDC guidelines do not require Mr. Buether to be quarantined for 14 days upon his return from Brazil.

During the parties' meet and confer session under Paragraph 2 of the Standing Order conducted yesterday, the parties were in agreement that, since the infected individual has been in quarantine since the weekend, all of Plaintiffs' law firm employees that have been tested for the virus have tested negative for the virus, and Mr. Buether has not been in contact with the associate who tested positive for the virus for 16 days and will be tested for the virus tomorrow, there was no reason at this time to request the Court to seek take any action affecting the scheduled November 23 in-person pretrial conference. Instead, the parties agreed to monitor the situation for the next 3 days, as permitted under the Standing Order, and then adhere to Paragraph 3 of the Standing Order and "file a joint notice or joint motion" with the Court.

Defendant's counsel has now informed us that Defendant wanted to file "a joint motion to conduct the November 23 pretrial hearing by video conference." Plaintiffs contend that, unless new information alters the current status of the situation, the pretrial conference should go forward as scheduled on November 23 in person. Obviously, Plaintiffs will accept whatever position the Court believes is in the best interest of the parties, the Court, and the administration of justice.

**Defendant's Position**

Plaintiffs' description of the meet and confer inaccurately suggests that Defendant agreed to any course of action. The Parties concluded their meeting by agreeing that Defendant would

further confer with its local counsel and propose a path forward.  This further consultation led to the suggestion that the parties file a joint motion to conduct the pretrial hearing by video conference in view of the fact that there are potential risks of exposure present in attending by person.

First, with respect to the attorney in Dallas that tested positive, it is appreciated that the two attorneys that will attend the pretrial conference have tested negative.  However, a negative test mere days after exposure is not conclusive.  Symptoms may not manifest themselves, nor may a positive test result, for many days after exposure due to the lengthy incubation period associated with COVID. This is the reason that 14-day quarantines are the default precaution for those in close contact with an infected person. Plaintiffs have not indicated the extent of contact of those who will attend the pretrial conference with the attorney that tested positive. If they were in close contact, obviously they should be self-isolating at home for 14 days from the most recent exposure.

Second, Plaintiffs note that Mr. Buether returned today from Brazil, which is subject to a Level 4 Travel Advisory from the State Department and is classified as a Level 3 – High Risk country by the CDC.  The CDC "requires all travelers, including U.S. citizens and legal permanent residents, who have been in Brazil, or any CDC Level 3 country, in the last 14 days to self-quarantine for 14 days." See https://travel.state.gov/content/travel/en/traveladvisories/presidential-proclamation--travel-from-europe.html.  It is unclear if this directive does not apply for some reason in the case of Mr. Buether.  Regardless, the circumstances, for obvious reasons, creates cause for concern.

In view of the foregoing, Defendant believes that holding an in-person pretrial conference on Monday, November 23 would unduly place the Court, its staff, the attorneys, and anyone else attending in person at an unnecessary risk of exposure to COVID.  Therefore, Defendant proposes that the Court hold the pretrial hearing by video conference.  This method is appropriate in these

circumstances and will be sufficiently effective for the Parties to present the pending issues to the Court.

| | |
|---|---|
| November 17, 2020 | Respectfully submitted, |
| /s/ Kenneth P. Kula | /s/ Mark C. Lang |
| Eric W. Buether<br>State Bar No. 03316880<br>Eric.Buether@BJCIPLaw.com<br>Christopher M. Joe<br>State Bar No. 00787770<br>Chris.Joe@BJCIPLaw.com<br>Kenneth P. Kula<br>State Bar No. 24004749<br>Ken.Kula@BJCIPLaw.com<br>Theresa M. Dawson<br>State Bar No. 24065128<br>Theresa.Dawson@BJCIPLaw.com<br>Nicholas C. Kliewer<br>State Bar No., 24083315<br>Nick.Kliewer@BJCIPLaw.com<br>Michael C. Pomeroy<br>State Bar No. 24098952<br>Michael.Pomeroy@BJCIPLaw.com<br>Thomas J. Gohn<br>State Bar No. 24097742<br>TJ.Gohn@BJCIPLaw.com<br>**BUETHER JOE & COUNSELORS, LLC**<br>1700 Pacific Avenue<br>Suite 4750<br>Dallas, Texas 75201<br>Telephone: (214) 730-5660<br>Facsimile:  (972) 707-1248<br><br>**ATTORNEYS FOR PLAINTIFFS INFERNAL TECHNOLOGY, LLC AND TERMINAL REALITY, INC.** | Melissa Richards Smith<br>Texas State Bar No. 24001351<br>Email: melissa@gillamsmithlaw.com<br>**GILLAM & SMITH, LLP**<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Eric A. Buresh<br>KS Bar No. 19895<br>Email: eric.buresh@eriseip.com<br>Jason R. Mudd<br>KS Bar No. 25749<br>Email: jason.mudd@eriseip.com<br>Mark C. Lang<br>KS Bar No. 26185<br>Email: mark.lang@eriseip.com<br>**ERISE IP, P.A.**<br>7015 College Blvd., Suite 700<br>Overland Park, Kansas 66211<br>Telephone: (913) 777-5600<br>Facsimile: (913) 777-5601<br><br>Kelly Hughes<br>CO Bar No. 51177<br>Email: kelly.hughes@eriseip.com<br>Karyn Kesselring<br>CO Bar No. 52476<br>Email: karyn.kesselring@eriseip.com<br>**ERISE IP, P.A.**<br>5299 DTC Blvd., Suite 1340<br>Greenwood Village, Colorado 80111<br>Telephone: (913) 777-5600<br>Facsimile: (913) 777-5601<br><br>**COUNSEL FOR DEFENDANT SONY INTERACTIVE ENTERTAINMENT LLC** |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on November 17, 2020.  As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

/s/ *Kenneth P. Kula*
Kenneth P. Kula