## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| INFERNAL TECHNOLOGY, LLC, <br> TERMINAL REALITY, INC., <br> <br> *Plaintiffs*, <br> <br> v. <br> <br> SONY INTERACTIVE ENTERTAINMENT LLC, <br> <br> *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 2:19-CV-00248-JRG |

### **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Sony Interactive Entertainment LLC's ("Defendant" or "Sony") Motion to Dismiss for Improper Venue, Or, Alternatively, to Transfer Venue to the Northern District of California (the "Motion"). (Dkt. No. 89). For the reasons stated below, the Motion is **DENIED**.

### I.   INTRODUCTION

This is a case involving allegations of patent infringement. Plaintiffs Infernal Technology, LLC and Terminal Reality, Inc. (collectively, "Plaintiffs") sued Sony on July 11, 2019, alleging infringement of U.S. Patent Nos. 6,362,822 and 7,061,488, both relating to lighting and shadowing simulations in computer graphics. (*See* Dkt. No. 1). On October 11, 2019, Sony filed two motions to dismiss, the first challenging Plaintiffs' standing under Federal Rule 12(b)(1), and the second seeking dismissal for failure to state a claim for relief under Federal Rule 12(b)(6).

(*See* Dkt. Nos. 26, 27).[1] Sony did not challenge venue at that time as improper under Rule 12(b)(3).

In February of 2020, the Federal Circuit issued its order in *In re Google*, holding for the first time that venue under the second prong of 28 U.S.C. § 1400(b)—based on alleged acts of infringement and a regular and established place of business in the District—also required "the regular, physical presence of an employee or other agent of the defendant" conducting that business. *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020).

Approximately two weeks after the Federal Circuit issued its order in *In re Google*—and four months after the initial Rule 12 motions were filed—Sony sought for the first time to challenge venue as improper under Rule 12(b)(3). It contends that its servers in Plano—undisputedly within the bounds of the Eastern District of Texas—"are located at a data center owned and maintained by a third party," with "no . . . employee . . . regularly present." (Dkt. No. 89 at 3). Sony essentially argues that the facts before the Court here are analogous to those in *In re Google*.

## II.  LEGAL STANDARDS

A challenge to venue under Rule 12(b)(3) is waived if a party fails to assert it in a motion under Rule 12 or include it in a responsive pleading. Fed. R. Civ. P. 12(h)(1)(B). Once a party has filed a Rule 12 motion, that party may not assert another Rule 12 motion on a basis "that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). When read together, these Rules plainly state a simple condition: an unasserted venue defense is waived unless it was not "available" to the defendant when the initial Rule 12 motion was filed. *In re Micron*

---

[1] Unlike challenges under Rules 12(b)(2)–(5), challenges under Rules 12(b)(1), (6), and (7) are *not* waived when excluded from an initial Rule 12 motion. *See* Fed. R. Civ. P. 12(h)(2), (3). Accordingly, Sony's first motion under Rule 12(b)(1) precludes a later challenge under Rule 12(b)(3) but did *not* preclude Sony's second motion under Rule 12(b)(6).

*Tech., Inc.*, 875 F.3d 1091, 1096–97 (Fed. Cir. 2017). A defense or objection is not "available" under Rule 12(g)(2) when it is "futile in the sense that the law bars the district court from adopting it to dismiss." *Id.* [2]

### III. ANALYSIS

Sony did not challenge venue in its initial Rule 12 motion. Under the normal operation of Rules 12(h) and (g)(2), Sony has forfeited the right to challenge venue. Neither of these points are disputed. Instead, Sony argues that *In re Google* was a "significant change in the law interpreting the patent venue statute" and—like the *TC Heartland* challenge in *In re Micron*—was not "available" for Sony to assert when it filed its Rule 12 motion. (Dkt. No. 89 at 9–10). Specifically, Sony argues that a challenge under *In re Google* was not "available" because of this Court's opinion in *SEVEN Networks, LLC v. Google LLC*, No. 2:17-cv-442-JRG, 315 F. Supp. 3d 933 (E.D. Tex. Jul. 19, 2018), *mandamus denied*, 2018 WL 5536478 (Fed. Cir. Oct. 29, 2018). In *SEVEN Networks*, this Court held that computer servers in the District were sufficient to establish venue under the second prong of § 1400(b). *Id.* at 966. Sony contends that *SEVEN Networks* prevented the Court from adopting *In re Google*'s ultimate reasoning. (Dkt. No. 89 at 10–11). Under Sony's reading of *In re Micron*, Rule 12(g)(2) does not apply in this circumstance.

---

[2] In *In re Micron*, the movant sought to challenge venue after the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2016) after having already filed a Rule 12 motion. *In re Micron*, 875 F.3d at 1096–97. Prior to 2016, the Federal Circuit had held that under the first prong of § 1400(b), a corporate defendant "resides" in any judicial district where it is subject to personal jurisdiction—thus, importing the definition of residency from the general venue statute, § 1391(c). *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). In *TC Heartland*, the Supreme Court rejected that interpretation of the patent venue statute. 138 S. Ct. at 1521. As the District Court in *In re Micron* was bound by the Federal Circuit's *VE Holding*, the District Court could not have adopted *TC Heartland*'s ultimate reasoning even if it was persuaded that it should. *In re Micron*, 875 F.3d at 1098. For that reason, the Federal Circuit held that a challenge under *TC Heartland* was not "available" to the movant when its initial Rule 12 motion was filed. *Id.* at 1099–100. These are not the facts here.

Plaintiffs argue that Sony has waived a venue challenge under Rule 12(b)(3) and that *SEVEN Networks* does not obviate the waiver under *In re Micron*. (Dkt. No. 95 at 4, 9–10). Plaintiffs point out that *SEVEN Networks* was not binding Circuit precedent that would preclude the Court from reaching a contrary result. (*Id.* at 10). Accordingly, Plaintiffs argue that a challenge under *In re Google*—or at least under that case's ultimate reasoning—was "available" to Sony within the meaning of Rule 12(g)(2). (*Id.* at 11).

*In re Micron* held that the *TC Heartland* challenge "was not available for the district court to adopt . . . *because controlling precedent precluded adoption of the position.*" *In re Micron*, 917 F.2d at 1099 (emphasis added). As the Federal Circuit's *VE Holding v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990) was directly controlling precedent, the District Court in *In re Micron* was bound to adopt *VE Holding*'s reasoning and reach its conclusion. By contrast, this Court's opinion in *SEVEN Networks* is not Circuit precedent. Nothing precluded Sony from arguing that servers alone did not establish venue. Had the Court been persuaded by such argument, nothing would have precluded it from adopting that position. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quoting 18 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 134.02[1][d] (3d ed. 2011)).

The Federal Circuit's denial of mandamus in *SEVEN Networks* did not create precedent either because the Federal Circuit did not rule on the merits. *See In re Google LLC*, No. 2018-152, 2018 WL 5536478 (Fed. Cir. Oct. 29, 2018). Instead, the Federal Circuit found that Google had not demonstrated a clear and indisputable right to mandamus. *Id.* at *3–4; *cf. U.S. v. Dean*, 752 F.2d 535, 541 (11th Cir. 1985) ("[A] prior denial of a petition for a writ of mandamus will have *res*

*judicata* effect only if the denial was 'on the merits,' but not if the denial was the result of the special limitations inherent in the writ[.]"). The Circuit's mandamus denial in *SEVEN Networks* therefore does not result in the type of unavailability spoken of in *In re Micron*. A published, precedential Federal Circuit opinion (as in *VE Holding*) is very different from an unpublished order denying mandamus (as in *SEVEN Networks*) because the examined conduct does not rise to the level of abuse of discretion.

In reply, Sony argues that even though *SEVEN Networks* is not binding Circuit precedent, preclusion by contrary precedent is only one species of unavailability. (Dkt. No. 102 at 3–4). For such, Sony cites a recent decision of the Fifth Circuit. *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240 (5th Cir. 2020). In *Cruson*, the Fifth Circuit wrote that

> [a] defense is not "available" under Rule 12(g)(2), for instance, if "its legal basis did not [then] exist," *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 964 (D.C. Cir. 2016), or if the defense would have been "futile" in the sense it was precluded by controlling precedent, *In re Micron Tech., Inc.*, 875 F.3d 1091, 1097–98 (Fed. Cir. 2017) (collecting decisions).

*Id.* at 250. From this language, Sony argues that "precluded by controlling precedent" and "legal basis did not [then] exist" are two separate grounds for unavailability. (Dkt. No. 102 at 3–4). However, in the *Gilmore* case, which provided the "did not then exist" language, as used by the Fifth Circuit, the D.C. Circuit opined that

> [a] defense is "available" unless "its legal basis did not exist at the time of the answer or pre-answer motion, or the complaint does not contain facts sufficient to indicate that a defense was possible." At the time of Appellees' pre-answer motion in 2002, the "legal basis" for their personal-jurisdiction defense did exist; *there was no Supreme Court or in-circuit precedent* rendering the personal-jurisdiction defense "for all practical purposes impossible for the defendants to interpose." In other words, the defense was "available" at the time.

*Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 964–65 (D.C. Cir. 2016) (emphasis added). Taking the above cases together and as a whole, the Fifth, Federal, and D.C. Circuit opinions are consistent: the touchstone for unavailability is binding precedent.[3]

As a final effort, Sony contends that it is nonetheless unfair to have required it to "ask[] this Court to reconsider its law or . . . seek[] reversal on appeal." (Dkt. No. 102 at 4). Without citing myriad examples, this Court—and in fact most District Courts—are often asked by parties to reconsider their prior rulings and rethink their earlier decisions. This is nothing new or out of the ordinary. In any event, these concerns can have no bearing on the Rule 12(g)(2) inquiry. The consequences of Sony's litigation choices cannot obviate a waiver that operates by rule—a rule whose "straightforward, relatively bright-line reading . . . mention[s] no considerations except the availability of the objection when it was omitted from the specified Rule 12 motion." *In re Micron*, 875 F.3d at 1097.

In sum, Sony's unavailability arguments are unavailing. Nothing as a matter of law or practice prevented Sony from challenging venue based on the arguments later approved by the Federal Circuit in *In re Google*.[4] Although the District Court's prior holdings were not questioned by Sony, nothing (but its own litigation choices) in the strict sense precluded it from doing so. Accordingly, the Court concludes that the venue objection was "available" to Sony within the meaning of Rule 12(g)(2) when it initially moved under Rule 12.

---

[3] Although *Gilmore* does state that insufficient facts to indicate a possible defense can render the defense unavailable, the operative facts for venue in this case—servers in Plano—were clearly pleaded in Plaintiffs' complaint. (*See* Dkt. No. 1 ¶¶ 14–15). In any event, Sony does not argue that the venue challenge was unavailable for this reason.

[4] Sony's several arguments boil down to a simple proposition—it is unhappy that it did not think of the *In re Google* arguments originally. Nothing prevented them from doing so. Such reality should not undo a clear waiver.

## IV.     CONCLUSION

When Defendant Sony filed its Rule 12 motions, it chose to object under Rules 12(b)(1) and 12(b)(6) and not Rule 12(b)(3). It could have done otherwise but did not. For this reason, and the reasons stated above, the Court finds that Defendant has waived its right to challenge venue. Accordingly, the Motion is **DENIED**.

**So ORDERED and SIGNED this 18th day of November, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE