# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INFERNAL TECHNOLOGY, LLC, § <br> TERMINAL REALITY, INC., § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> SONY INTERACTIVE ENTERTAINMENT § <br> LLC, § <br> § <br> *Defendant*. § | CIVIL ACTION NO. 2:19-CV-00248-JRG |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned matter on Tuesday, January 19, 2021 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiffs Infernal Technology, LLC ("Infernal") and Terminal Reality, Inc. ("TRI") (together, "Plaintiffs") and Defendant Sony Interactive Entertainment LLC ("Sony" or "SIE") (collectively, the "Parties"). (Dkt. Nos. 208, 209, 210, 211, 212, 213, 214, 246, 247). This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

## PRETRIAL MOTIONS

1.  **Sony's Motion for Summary Judgment of No Indirect or Willful Infringement (Dkt. No. 208).**

    The motion was **GRANTED-AS-AGREED**. (Transcript, Dkt. No. 271, at 16:3–14).[1]

    Plaintiffs stipulated that they have not pled indirect or willful infringement and will not raise these issues at trial. (*See* Dkt. No. 222). Accordingly, the Court granted the motion by the agreement of the Parties.

2.  **Sony's Motion for Summary Judgment of Non-Infringement Regarding the Accused Consoles (Dkt. No. 209).**

    The motion was **DENIED**. (Transcript at 121:19–122:4).

    The Court was persuaded that Plaintiffs, through their expert, have presented viable theories of infringement of Claim 50 of the '488 Patent regarding the Accused Consoles that would comport with the Court's claim constructions. The Court denied the motion because the infringement theory presents a genuine issue of material fact that is appropriately decided by a jury. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

3.  **Sony's Motion for Partial Summary Judgment Limiting Damages for Failure to Mark Under 35 U.S.C. § 287 (Dkt. No. 210).**

    The motion was **DENIED**. (Transcript at 49:11–50:24).

    The Court found as an undisputed fact that only method claims are asserted from the '822 Patent. *See* Fed. R. Civ. P. 56(g). A duty to mark does not arise with respect a patent when only method claims are asserted. *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1082–83 (Fed. Cir. 1983); *Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538–39 (Fed. Cir. 1993); *Crown Packaging Tech. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316–17 (Fed. Cir. 2009).

---

[1] Unless otherwise indicated, all references herein to "Transcript" are to the transcript of the pretrial conference (Dkt. No. 271).

Accordingly, the Court concluded that the '822 Patent is not subject to a limitation on damages under 35 U.S.C. § 287(a) as a matter of law.

With respect to the '488 Patent—for which both method and apparatus claims are asserted—the Court concluded that each failure-to-mark theory raised by SIE presented a genuine issue of material fact. The Court denied SIE's motion for summary judgment, concluding that limitation of damages under 35 U.S.C. § 287(a) is an issue properly decided by a jury. *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 255.

4. **Sony's Partial Motion for Summary Judgment To Exclude Foreign Sales By Other Entities From Plaintiffs' Asserted Damages (Dkt. No. 211).**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (Transcript at 83:23–84:23).

The Court granted the motion with respect to accused consoles that are sold outside of the United States and that never entered the United States as an assembled item. The Court concluded that Plaintiffs have not presented sufficient evidence of a causal nexus between these foreign sales and any domestic acts of infringement. *See Microsoft Corp. v. AT&T Corp.* 550 U.S. 437, 441 (2007); *Plastronics Socket Partners Ltd. v. Dong Weon Hwang*, No. 2:18-cv-14, 2019 WL 4392525, at *5 (E.D. Tex. June 11, 2019), *adopted* 2019 WL 2865079 (July 3, 2019); *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 396 F. Supp. 3d 323, 350–51 (S.D.N.Y. 2019). Accordingly, these sales are to be excluded from Plaintiffs' damages case.

The Court denied the motion with respect to any accused consoles that were imported into the United States (and later sold abroad), and with respect to the accused games. In each of these cases, Plaintiffs have presented sufficient evidence to raise a genuine issue of material fact as to damages for foreign sales. *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 255. Accordingly, these sales are not excluded.

5. **Sony's Motion to Exclude Portions of Lance Gunderson's Reasonable Royalty Calculation and Opinions Regarding Damages (Dkt. No. 212).**

The motion was **DENIED**. (Transcript at 103:10–105:11).

The Court concluded that Mr. Gunderson's apportionment and hypothetical negotiation analysis relating to the accused consoles, and his analysis and use of prior licenses (including the *PalTalk* license), were not so unreliable as to warrant exclusion under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579 (1993). The issues raised by SIE are properly issues of weight rather than admissibility, and are best addressed through cross-examination and the presentation of competing evidence.

The Court noted that Mr. Gunderson's report did not allocate sales-based infringement damages between method and apparatus claims. While the Court concluded that this did not *per se* warrant exclusion, the Court **ORDERED** that Plaintiffs have leave to serve an amended or supplemental report from Mr. Gunderson within **fourteen (14) days** of the pretrial conference. Such amendments or supplements are limited to delineating sales of accused products that relate to infringement of apparatus claims. The Court further **ORDERED** that SIE has leave to conduct a targeted deposition of Mr. Gunderson, limited to addressing any changes or amendments to his report. Such deposition is to be completed promptly after the amended or supplemental report is served and is to last no longer than **three (3) hours**.

6. **Plaintiffs' Motion to Strike Expert Report of Anselmo Lastra Regarding Invalidity of U.S. Patent Nos. 6,362,822 and 7,061,488 (Dkt. No. 213).**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (Transcript at 24:17–26:1)

The Court granted the motion and excluded paragraphs 42–49 and paragraphs 66–78 of Dr. Lastra's report in their entirety, as well as paragraphs 50–65 insofar as they purport to offer an opinion beyond whether a person having ordinary skill in the art would understand the claim terms

to be routine, well-understood, or conventional. The Court denied the motion as to the remainder of his report.

Patent eligibility is ultimately a question of law, although it may contain underlying questions of fact. *Berkheimer v. HP, Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018). Specifically, the question of whether a claim limitation or combination of claim limitations is more than routine, conventional, or well-understood (part of Step 2 under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014)) is a question of fact, appropriate for jury determination. *See PPS Data, LLC v. Jack Henry & Assocs.*, 404 F. Supp. 3d 1021, 1040 (E.D. Tex. 2019). Accordingly, Dr. Lastra may testify to the jury about whether a person having ordinary skill in the art would understand the claim limitations, alone or in combination, to be routine, conventional, or well-understood. Since other aspects of the patentability analysis (including the overall determination of eligibility) present questions of law for the Court, it is improper for Dr. Lastra to testify to the jury beyond the fact questions inherent in *Alice* Step 2.

The Court will reserve any determinations under *Alice* Step 1 for post-verdict proceedings, to the extent it is still a live issue. *See, e.g.*, *Maxell v. ZTE Corp.*, No. 5:16-cv-179, Dkt. No. 181 (E.D. Tex. June 8, 2018); *Innovation Scis. v. Amazon.com*, No. 4:18-cv-474, 2020 WL 4884000 (E.D. Tex. Aug. 20, 2020). Likewise, the Court will reserve the question of whether it will hear Dr. Lastra's testimony on *Alice* Step 1 during a bench trial until that time.

**7.     Plaintiffs' Motion to Strike Portions of the Rebuttal Expert Report of Lauren R. Kindler (Dkt. No. 214)**

The motion was **DENIED**. (Transcript at 111:10–112:1).

The Court found that the challenges to portions of Ms. Kindler's report go to weight rather than admissibility, and that cross-examination is the proper method to challenge her opinions. The Court was of the opinion that the technology in the licenses relied on by Ms. Kindler are not so

divorced from what is at issue in this case as to warrant exclusion under *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010). The Court was not persuaded that Ms. Kindler's reliance on TRI's financial condition at the time of a hypothetical negotiation should be excluded under *Daubert*, and reserved that issue for determination along with the motions *in limine*.

## MOTIONS *IN LIMINE*

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**I.    AGREED MOTIONS *IN LIMINE* (Dkt. No. 247 at 7)**

The following mutually applicable MILs are **GRANTED-AS-AGREED** of the parties:

Agreed MIL No. 1:  **Any argument, evidence, or reference to TRI or Infernal as a "patent troll" or "non-practicing entity."**

Agreed MIL No. 2:  **Any argument, evidence, or reference to any proposed or actual litigation funding agreement or communication relating to litigation funding.**

Agreed MIL No. 3:  **Any argument, evidence, or reference to any pending lawsuit or legal proceeding relating to the Asserted Patents (including the IPR petition filed by Take-Two).**

Agreed MIL No. 4:  **Any argument, evidence, or reference to any alleged "valuation" of the Asserted Patents by Plaintiffs.**

Agreed MIL No. 5:  **Any argument, evidence, or reference to any claims of the Asserted Patents previously asserted but no longer asserted by Plaintiffs, or any video games published by SIE previously accused of infringement, but no longer asserted by Plaintiffs.**

Agreed MIL No. 6:  **Any argument, evidence, or reference to Plaintiffs' arrangement with their counsel regarding the payment of attorneys' fees.**

Agreed MIL No. 7:  **Any argument, evidence, or reference to any pre-trial motions, including discovery motions, or the Court's rulings on any of those motions, with the exception of the Court's claim construction rulings.**

Agreed MIL No. 8:  **Any argument, evidence, or reference to the potential impact of a damages award on the price of any products, including the products sold by SIE or Sony.**

Agreed MIL No. 9:  **Any argument, evidence, or reference inconsistent with the stipulations entered into between the parties and filed with the Court.**

(Transcript at 123:22–25).

## II. PLAINTIFF'S OPPOSED MOTIONS *IN LIMINE* (Dkt. No. 247 at 1)

Plaintiffs' MIL No. 1: **Any argument, evidence, or reference to any alleged forum shopping by the Plaintiffs or to this venue as favorable to a patentee or to the fact that SIE filed a motion for improper venue.**

The MIL was **GRANTED-AS-AGREED**. (Transcript at 124:22–23).

Plaintiffs' MIL No. 2: **Any argument, evidence, or reference to any negotiations relating to any Exclusive License and Enforcement Agreement between TRI and Infernal, or the reasons for the parties to that agreement to enter into any such agreement.**

The MIL was **GRANTED-AS-MODIFIED.** (Transcript at 127:12–128:2).

The Court will grant the MIL and exclude negotiations leading up to the agreement between TRI and Infernal. The Court will also grant the MIL and exclude any pejorative characterizations of that license. However, the parties may present the facts of the legal relationship between TRI and Infernal to the extent it is relevant and otherwise admissible.

Plaintiffs' MIL No. 3: **Any argument, evidence, or reference to the inventions of the asserted claims of the Asserted Patents as directed to an "abstract idea".**

The MIL was **GRANTED**. (Transcript at 129:12–130:4).

The Court granted this MIL in accordance with its ruling on the *Daubert* motion on Dr. Lastra (Dkt. No. 213). *Alice* Step 1 is clearly a question of law for the Court. This MIL does not preclude otherwise admissible testimony on what is well-understood, routine, or conventional from the perspective of person having ordinary skill in the art.

Plaintiffs' MIL No. 4: **Any argument, evidence, or reference to the overall financial condition of TRI or Infernal.**

This MIL was **GRANTED** as clarified in the record. (Transcript at 132:20–135:7).

The Court granted this MIL and will police the use of such argument, evidence, and references. The Court noted, however, that a party's financial condition at the appropriate time may be relevant to hypothetical negotiations. Accordingly, the parties may seek leave where

8

appropriate to discuss the financial conditions of TRI or Infernal. The Court further noted that this MIL will not prevent Sony from using argument or evidence to the extent Plaintiffs have opened the door to its use.

Plaintiffs' MIL No. 5: **Any argument, evidence, or reference to any statement made by the parties or rulings made by the court in the *Electronic Arts*, *Microsoft* or *Crytek* cases. This shall not preclude any reference to the settlement agreements in these cases, assuming that the Court does not exclude such settlement agreements as irrelevant, or statements made by Plaintiffs which Defendant contends constitute admissions regarding the issue of whether video games using the Infernal Engine embodied the inventions of the Asserted Patents.**

This MIL was **GRANTED** as clarified in the record. (Transcript at 137:3–140:20).

To the extent that prior statements (including prior inconsistent statements) are independently admissible and preadmitted, they are not excluded by this MIL. However, the parties are not to publish to the jury that those statements came from litigation. To the extent that those statements came from litigation materials (e.g., pleadings or interrogatory responses), the parties shall seek leave of Court before presenting those materials to the jury.

The Court clarified that litigation licenses that are admissible under the Federal Rules of Evidence and are pre-admitted by the Court are not be excluded by this MIL.

The Court directed the parties to reduce any agreements relating to statements from prior litigation to writing and file the same as a stipulation with the Court.

Plaintiffs' MIL No. 6: **Legal disputes involving TRI unrelated to the Asserted Patents.**

This MIL was **GRANTED.** (Transcript at 142:3–143:2).

To the extent either party believes an unrelated legal dispute is relevant, that party shall seek leave of Court before presenting that matter to the jury.

Plaintiffs' MIL No. 7: **The distribution of any recovery by Plaintiffs in the *Electronic Arts*, *Microsoft* or *Crytek* cases, or potential damages award in this case beyond what is set forth in the Exclusive License and Enforcement**

9

                **Agreement, other than the fact that a witness may have an interest in such award.**

This MIL was **GRANTED** as clarified in the record. (Transcript at 144:12–146:18).

The Court clarified that a witness's financial interest in the outcome of this case may be relevant relevant for the factfinder to assess bias, and such elicitations of bias are not excluded by this MIL. However, amounts received or paid by parties or witnesses *unrelated* to this case are irrelevant and prejudicial and are subject to this MIL. This MIL also does not exclude proper use of the litigation licenses for a reasonable royalty analysis.

<u>Plaintiffs' MIL No. 8</u>: **Any argument, evidence, or reference to the applicability of the marking provision of 35 U.S.C. § 287(a) to the asserted method claims of the '822 Patent.**

This MIL was **WITHDRAWN**. (Transcript at 146:19–22).

## III. SONY'S OPPOSED MOTIONS *IN LIMINE* (Dkt. No. 246)

Sony's MIL No. 1: **Preclude Plaintiffs from referencing non-comparable Settlement Agreements addressed in Defendant's *Daubert* Motion (Microsoft, EA, Crytek, and PalTalk).**

This MIL was **DENIED.** (Transcript at 147:5).

Sony's MIL No. 2: **Preclude Plaintiffs from soliciting or putting on testimony, evidence or argument relating to Defendant's and related companies' total profits, revenues, and other financial information beyond the Accused Products.**

This MIL was **GRANTED-IN-PART** and **DENIED-IN-PART**. (Transcript at 148:8-22).

The Court granted this MIL as to SIE-related entities, including its corporate parent, that are not parties to this lawsuit, and as to SIE beyond the products accused herein. The parties must seek leave to present testimony, evidence, or argument on these points. The Court denied this MIL as to SIE as it pertains to the accused products in this case.

Sony's MIL No. 3: **If summary judgment is granted as to SIE's Motion for Partial Summary Judgment to Exclude Foreign Sales (Dkt. 211), then preclude Plaintiffs from soliciting or putting on testimony, evidence, or argument relating to such foreign sales.**

This MIL was **GRANTED-IN-PART** and **DENIED-IN-PART**. (Transcript at 149:6-19).

The Court granted this MIL as to consoles that are wholly foreign, and denied this MIL as to consoles that enter the United States and as to games. The Court noted that its ruling on this MIL should conform with the Court's ruling on Sony's motion for summary judgment relating to foreign sales (Dkt. No. 211).

Sony's MIL No. 4: **Preclude Plaintiff from soliciting or putting on testimony, evidence, or argument relating to sales of Accused products made by companies other than Defendant, including without limitation sales made by Defendant's parent company and related foreign companies.**

This MIL was **DENIED**. (Transcript at 149:24–150:20).

11

The Court denied this MIL and directed that the Parties' compliance mirror the Court's ruling on the Gunderson *Daubert* motion (Dkt. No. 212).

Sony's MIL No. 5: **Preclude Plaintiffs from soliciting or putting on testimony, evidence, or argument regarding damages for alleged infringement of method claims.**

This MIL was **DENIED**. (Transcript at 150:13–20).

The Court denied this MIL and directed that the parties' compliance mirror the Court's ruling on the Gunderson *Daubert* motion (Dkt. No. 212). The Court further noted that MILs that attempt to relitigate dispositive motions, as here, are not proper motions *in limine*, and are frowned upon.

Sony's MIL No. 6: **Preclude Plaintiffs from soliciting or putting on testimony, argument, or evidence suggesting that the Infernal Engine or any video games using the Infernal Engine does not practice any claim of the Asserted Patents, including without limitation testimony from lay witness Mark Randel.**

This MIL was **DENIED.** (Transcript at 151:24–152:4).

The Court denied this MIL and clarified that no fact witnesses shall offer opinion testimony.

Sony's MIL No. 7: **Preclude argument that Plaintiffs had no duty to mark for the '822 Patent.**

This MIL was **DENIED.** (Transcript at 152:5–9).

The Court denied this MIL, finding that it duplicated Sony's motion for summary judgment on marking (Dkt. No. 210), and therefore was not a proper motion *in limine*. Proper *limine* practice is not a second bite at the dispositive apple.

Sony's MIL No. 8: **Preclude either party from soliciting or putting on testimony, evidence, or argument relating to non-representative games.**

This MIL was **WITHDRAWN.** (Transcript at 152:12–14).

Sony's MIL No. 9: **Preclude Plaintiffs from soliciting or putting on testimony, evidence, or argument relating to Defendant's knowledge of the Asserted Patents, indirect infringement, or willful infringement of the Asserted Patents.** *See* **Dkt. 222.**

This MIL was **GRANTED-AS-AGREED** as clarified in the record. (Transcript at 153:24–154:1).

The parties agreed to the following language as memorialized in the record:

Preclude Plaintiffs from soliciting or putting on testimony, evidence, or argument relating to Defendant's *pre-suit* knowledge of the Asserted Patents, indirect infringement, or willful infringement of the Asserted Patents.

(Transcript at 152:20–153:1 (emphasis added)).

Sony's MIL No. 10: **Preclude Plaintiffs from soliciting or putting on testimony, evidence, or argument suggesting that Defendant is a California company, a Japanese company, or that Defendant's parent is a Japanese company.**

This MIL was **GRANTED** as clarified in the record. (Transcript at 154:22–155:10).

The Court will exclude any pejorative references to a party's location or origin, and any attempts to characterize or denigrate a person or party as being from a particular location. The Court clarified that this MIL will not prevent incidental references to factual matters concerning a person or party's location.

Sony's MIL No. 11: **Preclude Plaintiffs from soliciting or putting on testimony, evidence, or argument regarding the size, success, or wealth of Defendant or any of its affiliates.**

This MIL was **GRANTED**. (Transcript at 155:16–21).

The Court clarified that its ruling on this MIL should conform with its ruling on Sony's MIL No. 2 and with the general discussion on the record concerning total wealth and size.

Sony's MIL No. 12: **Preclude the parties from soliciting or putting on testimony, evidence, or argument that is contrary to the Court's claim construction rulings, including the reasoning contained therein.**

This MIL was **DENIED**. (Transcript at 155:22–156:2).

The Court denied this MIL because it was duplicative of the language found in the Court's Claim Construction Memorandum Opinion and Order (Dkt. No. 125, at 29), which remains in effect.

Sony's MIL No. 13: **Preclude the parties from soliciting or putting on testimony, evidence, or arguments relating to any prior litigation involving Defendant, Defendant's affiliates, or any of the Accused Products.**

This MIL was **GRANTED-AS-AGREED** as clarified in the record. (Transcript at 156:24–157:5).

The Court granted this MIL with the exception of the *PalTalk* license, as agreed by the parties.

Sony's MIL No. 14: **Preclude comparison of burden of proof standards to other areas of law, such as child custody and mental commitment proceedings.**

This MIL was **GRANTED-AS-AGREED**. (Transcript at 157:6–24).

Sony's MIL No. 15: **Preclude testimony, evidence, or argument relating to Defendant's conduct during discovery.**

This MIL was **GRANTED-AS-AGREED**. (Transcript at 157:25–158:6).

Sony's MIL No. 16: **Preclude evidence / argument on challenges to venue in the Eastern District of Texas.**

This MIL was **GRANTED-AS-AGREED**. (Transcript at 158:7–17).

Sony's MIL No. 17: **Preclude argument or statements regarding witness compensation unrelated to this case.**

This MIL was **GRANTED-AS-AGREED** as clarified in the record. (Transcript at 157:6–24).

The Court granted this MIL with the exception of the expert witnesses, whose compensation may be discussed, as agreed by the parties.

**So ORDERED and SIGNED this 3rd day of February, 2021.**

                                                        RODNEY GILSTRAP
                                                       UNITED STATES DISTRICT JUDGE