IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INFERNAL TECHNOLOGY, LLC, TERMINAL REALITY, INC., | § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-00248-JRG |
| SONY INTERACTIVE ENTERTAINMENT LLC, | § § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Infernal Technology, LLC ("Infernal") and Terminal Reality, Inc.'s ("TRI") (collectively, the "Plaintiffs") Motion for a New Trial (the "Motion"). (Dkt. No. 366). Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

**I.      PROCEDURAL BACKGROUND**

On September 13, 2021, the Court bifurcated this case on issues relating to damages and set all other issues for trial. (Dkt. No. 319). On October 4, 2021, the Court commenced a three-day jury trial in this case on issues relating to infringement and patent eligibility. (Dkt. Nos. 337–339). The jury found that Defendant Sony Interactive Entertainment LLC ("SIE") did not infringe the Asserted Claims and that under *Alice* step two, the Asserted Claims "involve only technologies and activities that were well-understood, routine, and conventional, from the perspective of a person of ordinary skill in the art, as of March 12, 1999." (Dkt. No. 341). Prior to the trial, SIE had not asked the Court to resolve its patent ineligibility contention by way of a motion to dismiss, a motion for summary judgment, or dispositive motion. SIE acknowledged this during the trial.

(Dkt. No. 354 at 258:15–260:3). Given that the Court had not had the opportunity to decide the *Alice* step one issue prior to trial, and in light of the jury's verdict as to *Alice* step two, on October 12, 2021, the Court ordered post-trial briefing on whether or not the Asserted Claims were directed to an abstract idea under *Alice* step one and § 101. (Dkt. No. 346; *see also* Dkt. No. 354 at 259:1–25). Said briefing was completed on November 12, 2021, and on December 7, 2021, the Court found that U.S. Patent No. 6,362,822 (the "'822 Patent") and U.S. Patent No. 7,061,488 (the "'488 Patent") (collectively, the "Asserted Patents")[1] were not directed to an abstract idea under *Alice* step one. (Dkt. No. 356). On January 4, 2022, Plaintiffs filed the instant Motion for a New Trial and briefing was completed on February 4, 2022.

## II.   LEGAL STANDARD

A new trial may be granted on all or part of the issues on which there has been a trial by jury for "any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Notwithstanding the broad sweep of Rule 59, "courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-00744, 2017 WL 3704760, at *2 (E.D. Tex. Aug. 28, 2017); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 276 F. Supp. 3d 629, 643 (E.D. Tex. 2017). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985); *see also Laxton v. Gap Inc.*, 333 F.3d 572, 586 (5th Cir. 2003) ("A new trial is warranted if the evidence is against the great, and

---

[1] At trial, Plaintiffs asserted Claim 1 of the '822 Patent and Claims 1, 27, and 50 of the '488 Patent (collectively, the "Asserted Claims") against SIE.

2

not merely the greater, weight of the evidence."). Furthermore "[u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial . . . . the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

### III.     REPRESENTATIVE CLAIM AND APPLICABLE CONSTRUCTIONS

The parties do not appear to dispute that Claim 1 of the '822 Patent is representative of the Asserted Claims for the purposes of Plaintiffs' Motion. (Dkt. No. 366 at 2; *see* Dkt. No. 372 at 3). Claim 1 of the '822 Patent reads:

> A shadow rendering method for use in a computer system, the method comprising the steps of:
> providing observer data of a simulated multi-dimensional scene;
> providing lighting data associated with a plurality of simulated light sources arranged to illuminate said scene, said lighting data including light image data;
> for each of said plurality of light sources, comparing at least a portion of said observer data with at least a portion of said lighting data to determine if a modeled point within said scene is illuminated by said light source and storing at least a portion of said light image data associated with said point and said light source in a light accumulation buffer; and then
> combining at least a portion of said light accumulation buffer with said observer data; and
> displaying resulting image data to a computer screen.

The following constructions of claim terms, ***agreed to by the parties***, are also relevant to Plaintiffs' Motion:

- **"light image data"** means "for each of the plurality of light sources, 2D data representing the light emitted by the light source to illuminate the scene as viewed from the light source's perspective"

- **"light accumulation buffer"** means "memory for storing the light image data for cumulative light falling on a region in the observer image corresponding to the modeled point"

- For the **[order of the comparing, storing, and combining steps]**, Plaintiffs and SIE agreed that "[t]he comparing and storing steps are completed before beginning the combining steps."

(Dkt. No. 105-1 at 4). The Court adopted these constructions as presented by the parties. (Dkt. No. 125 at 9).

## IV.   DISCUSSION

Plaintiffs argue that SIE "failed to offer legally sufficient rebuttal evidence to support the jury verdict of noninfringement of these claims." (Dkt. No. 366 at 10). Plaintiffs argue that SIE's "noninfringement defense was based upon a legally flawed and incorrect application of the Asserted Claims." (*Id.*). Plaintiffs identify two points of alleged error: (1) that the "storing" step requires storing "light image data" viewed from the light source's perspective is legally flawed; and (2) that SIE's noninfringement argument with respect to the "sequence of steps" requirement of the Asserted Claims is legally flawed. (*Id.* at 10, 15).[2] As further detailed below, the Court finds that the agreed claim constructions dispose of Plaintiffs' arguments.

### A.   The "Storing" Step

Plaintiffs argue that "[t]he storing requirement of the asserted claims does not require the storing of light falling on a region from the perspective of the light source." (Dkt. No. 366 at 10). Plaintiffs contend that the Court's claim construction of the term "light accumulation buffer" in the "storing" step contains the term "observer image." (*Id.*). Plaintiffs argue that use of the term "observer image" (which is "the perspective of the 'observer' or 'camera'") the claimed "light accumulation buffer" cannot store data from "the light source's perspective of light falling on a region." (*Id.* at 10–11). Thus, Plaintiffs argue, "SIE's evidence at trial showing that its accused

---

[2] Plaintiffs also argue that they submitted substantial evidence of SIE's infringement of the Asserted Claims at trial. (Dkt. No. 366 at 6–9). Given that the jury found noninfringement and this Motion seeks a new trial—as opposed to judgment as a matter of law under Fed. R. Civ. P. 50—the Court finds it unnecessary to traverse Plaintiffs' evidentiary arguments regarding infringement. There is no dispute that there is evidence in the record both supporting and running counter to the jury's ultimate conclusion of noninfringement

video games 'do not accumulate light falling on a region,' but instead 'accumulate the light hitting the camera' does not support the jury's noninfringement verdict." (*Id.* at 11).

SIE responds that Plaintiffs' "Motion seeks to un-do the relevant claim construction" and that Plaintiffs' "argument is a continuation of its repeated, unsuccessful attempts to inject its contrary interpretation of 'light image data' at trial." (Dkt. No. 372 at 4). SIE argues that Plaintiffs attempted to inject this allegedly contrary construction three times during trial and the Court sustained the objection each time. (*Id.* at 5–6). As to the merits of Plaintiffs' argument, SIE contends that under the Court's claim construction, the "light accumulation buffer" in the "storing" step is "memory for storing the light image data [(i.e., '2D data representing the light emitted by the light source to illuminate the scene ***as viewed from the light source's perspective***')] for ***cumulative light falling on a region*** in the observer image corresponding to the modeled point. (*Id.* at 8) (citing Dkt. No. 125 at 9; Dkt. No. 75 at 2) (emphasis added by SIE). SIE argues that the Accused Products[3] do not "accumulate light falling on a region" as the claim requires, but instead "accumulate[] the light hitting the camera." (Dkt. No. 372 at 8). SIE points to trial evidence to support how the Accused Products function and argues that Plaintiffs do not dispute how the Accused Products operate—but that Plaintiffs instead contend that such is covered by the claims. (*Id.* at 8) (citing Dkt. No. 366 at 10–11). SIE argues that the plain language of the Court's claim constructions shows otherwise. (Dkt. No. 372 at 4).

The Court finds that Plaintiffs' argument is contrary to the agreed constructions this Court entered during *Markman*. As SIE points out, the parties agreed to the constructions of "light accumulation buffer" and "light image data."

---

[3] Plaintiffs and SIE agreed that the *Spider-Man* and *God of War* games were representative of the Accused Products as a whole. (Dkt. No. 366 at 6 n.1; Dkt. No. 372 at 8 n.1).

- **"light accumulation buffer"** means "memory for storing the light image data for cumulative light falling on a region in the observer image corresponding to the modeled point"
- **"light image data"** means "for each of the plurality of light sources, 2D data representing the light emitted by the light source to illuminate the scene as viewed from the light source's perspective"

(Dkt. No. 125 at 9) (citing Dkt. No. 105). The Court's construction of the term "light accumulation buffer" includes the claim term "light image data," which also was construed by the Court. If the construction of "light image data" is superimposed within the construction for "light accumulation buffer," the resulting construction is: "memory for storing 2D data representing the light emitted by the light source to illuminate the scene *as viewed from the light source's perspective* for cumulative light falling on a region in the observer image corresponding to the modeled point." (emphasis added). Thus, under the plain language of the Court's constructions the Court finds Plaintiffs' argument that "the 'light image data' stored in the light accumulation buffer is from a different perspective than the 'light image data'" provided earlier in the claim unpersuasive.[4] Such a position is contrary to the plain language of the agreed constructions, which were entered by the Court in light of the agreement.[5] Further, both Plaintiffs and SIE acknowledge that the evidence presented at trial shows that the Accused Products accumulate the light hitting the camera. (Dkt. No. 366 at 10; Dkt. No. 372 at 8–9). Indeed, Mr. Al Hastings, Mr. Josh Hobson, and Dr. Anselmo Lastra all testified that the Accused Products function in this manner, and Plaintiffs do not seriously dispute this conclusion. Moreover, Plaintiffs' Motion seeks to reargue claim construction so that the evidence presented at trial on the Accused Products read on the Asserted Claims. Thus,

---

[4] Plaintiffs' reliance on the use of "observer image" in the construction of "light accumulation buffer" is also misplaced. The storing of "light falling on a region *in the observer image*" (emphasis added) does not mean that such data must be from the *perspective of the observer* or camera, nor does it displace the requirement that the data stored must be "2D data representing the light emitted by the light source to illuminate the scene as viewed from the light source's perspective."

[5] To the extent Plaintiffs argue that the "light image data" term used throughout the claim means different things in different claim elements, Plaintiffs cite no authority for such a proposition and the Court rejects Plaintiffs unsupported attempts to do so.

Plaintiffs implicitly acknowledge that if the Court rejects Plaintiffs' new claim construction arguments (which it does so herein), the jury's verdict is supported by the evidence presented at trial. Accordingly, in this regard, the Court rejects Plaintiffs' contention that the jury's verdict is against the great weight of the evidence.

### B. The "Sequence of Steps"

Plaintiffs next argue that SIE "misstated and misapplied [the 'sequence of steps'] construction and asserted that this 'sequence of steps' required that the accused SIE video games must complete the comparing and storing steps for **all** light sources in the scene before beginning any combining step." (Dkt. No. 366 at 15). Plaintiffs argue that they "submitted evidence that SIE's video games performed the comparing, storing, and combining steps in the order specified by the Court's claim construction." (*Id.* at 16). Put differently, Plaintiffs argue that for a hypothetical "Light Source 1," the "compare," "store," and "combine" steps must be completed before performing the "compare," "store," and "combine" steps for a hypothetical "Light Source 2" and so forth.

SIE responds that the Asserted Claims require "*for each* of said plurality of light sources, comparing . . . and storing . . .; and then combining . . . ." (Dkt. No. 372 at 10). SIE explains that the "fact that the plain language of the claims require the sequencing steps occur 'for each of said plurality of light sources'" is fatal to Infernal's criticisms. (*Id.*). In other words, SIE argues that the plain language requires that hypothetical "Light Source 1," "Light Source 2," and so on be first "compared" and "stored," then only after all sources have been "compared" and "stored" does the combining step occur. SIE also notes that "the record is replete with evidence to support the jury's non-infringement verdict" because "each of SIE's witnesses testified that the Accused Games did not perform the alleged comparing and storing steps before beginning the combining step." (*Id.*) (citing testimony of Mr. Hastings, Mr. Hobson, and Dr. Lastra).

7

The Court agrees with SIE. The plain language of the Court's construction along with the claim language itself show that "for each of said plurality of light sources" the comparing and storing steps are to be completed before the combining step. The Court sees no error in the noninfringement theory advanced by SIE and finds that it is supported by the plain language of the agreed constructions and the claim itself. Indeed, Infernal never objected to SIE's noninfringement position during trial.[6] As with the previous issue, SIE presented evidence from its witnesses on the functionality of the Accused Products and showed how they did not meet the claim limitations as construed by the Court. Accordingly, there is sufficient evidence in the record to support the jury's noninfringement verdict on this issue, and the Court rejects Plaintiffs' contention that the jury's verdict is against the great weight of the evidence in this regard.

## V.     CONCLUSION

For the reasons set forth above, Plaintiffs' Motion is **DENIED**.

**So ORDERED and SIGNED this 17th day of March, 2022.**

                                                                    _____
                                                                    RODNEY GILSTRAP
                                                                    UNITED STATES DISTRICT JUDGE

---

[6] Plaintiffs and SIE argue in their briefing about whether Plaintiffs' failure to object at trial on the "storing" step and "sequence of steps" arguments Plaintiffs now put forth in their Motion amounts to a waiver. (Dkt. No. 372 at 11–12; Dkt. No. 377 at 5). Although the Court has concerns about the viability of post-trial arguments not raised during trial, the Court need not decide that issue here because it rejects Plaintiffs' arguments on their merits.