## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| INFERNAL TECHNOLOGY, LLC, §<br>TERMINAL REALITY, INC., §<br>§<br>§<br>*Plaintiffs*, §<br>§<br>§<br>v. §<br>§<br>SONY INTERACTIVE ENTERTAINMENT §<br>LLC, §<br>§<br>§<br>*Defendant*. § | CIVIL ACTION NO.  2:19-CV-00248-JRG |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sony Interactive Entertainment LLC's ("SIE") Motion for Attorney Fees Under 35 U.S.C. § 285 (the "Motion").  (Dkt. No. 368).  Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

## I.    PROCEDURAL BACKGROUND

On September 13, 2021, the Court bifurcated this case on issues relating to damages and set all other issues for trial.  (Dkt. No. 319).  On October 4, 2021, the Court commenced a three-day jury trial in this case on issues relating to infringement and patent eligibility for U.S. Patent No. 6,362,822 (the "'822 Patent") and U.S. Patent No. 7,061,488 (the "'488 Patent") (collectively, the "Asserted Patents").  (Dkt. Nos. 337–339).  The jury found that SIE did not infringe Claim 1 of the '822 Patent and Claims 1, 27, and 50 of the '488 Patent (collectively, the "Asserted Claims") and that under *Alice* step two, the Asserted Claims "involve only technologies and activities that were well-understood, routine, and conventional, from the perspective of a person of ordinary skill in the art, as of March 12, 1999."  (Dkt. No. 341).  Prior to the trial, SIE had not asked the Court

to resolve its patent ineligibility contention by way of a motion to dismiss, a motion for summary judgment, or dispositive motion.  SIE acknowledged this during the trial.  (Dkt. No. 354 at 258:15–260:3).  Given that the Court had not had the opportunity to decide the *Alice* step one issue prior to trial, and in light of the jury's verdict as to *Alice* step two, on October 12, 2021, the Court ordered post-trial briefing on whether or not the Asserted Claims were directed to an abstract idea under *Alice* step one and § 101.  (Dkt. No. 346; *see also* Dkt. No. 354 at 259:1–25).  Said briefing was completed on November 12, 2021, and on December 7, 2021, the Court found that the Asserted Claims were not directed to an abstract idea under *Alice* step one.  (Dkt. No. 356).  On January 11, 2022, SIE filed the instant Motion seeking attorneys' fees and related briefing was completed on February 22, 2022.

## II.   LEGAL STANDARD

In "exceptional cases," a district court "may award reasonable attorney fees to the prevailing party" pursuant to 35 U.S.C. § 285.  An "exceptional case" is "simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014); *see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014) (noting that "the word 'exceptional' in § 285 should be interpreted in accordance with its ordinary meaning" (citing *Octane Fitness*, 134 S. Ct. at 1755)).  Notably, it is not necessary that the litigation conduct at issue be independently sanctionable, e.g., because it involves bad faith or some other misconduct.  *See id.* at 1756–57 (holding that "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees").

2

The Supreme Court has been clear that district courts must determine whether any particular case is "exceptional" in a "case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness*, 134 S. Ct. at 1756. Whether a case is "exceptional" or not "is a factual determination," *Forcillo v. Lemond Fitness, Inc.*, 168 F. App'x 429, 430 (Fed. Cir. 2006), and the court must make its discretionary determination by a "preponderance of the evidence." *Octane Fitness*, 134 S. Ct. at 1758 (rejecting the prior requirement that a patent litigant establish its entitlement to fees under § 285 by "clear and convincing" evidence). A district court's determination of whether a case is "exceptional" under § 285 is reviewed for an abuse of discretion. *See Highmark Inc.*, 134 S. Ct. at 1748; *see also Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1374 (Fed. Cir. 2017) ("On appeal, all aspects of a district court's § 285 determination are reviewed for an abuse of discretion." (citation omitted)).

In assessing the "totality of the circumstances," courts may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 134 S. Ct. at 1756 n.6 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.9 (1994) (addressing a similar fee-shifting provision in the Copyright Act)). Although a party's conduct need not be independently sanctionable to warrant an award of fees under § 285, *Id.* at 1756–57, fee awards should not be used "as a penalty for failure to win a patent infringement suit." *See id.* at 1753 (quotation omitted); *see also Checkpoint Sys., Inc.*, 858 F.3d at 1376.

Although an exceptional case finding is no longer constrained to "inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement," *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d

3

1022, 1034 (Fed. Cir. 2002), "the absence of such conduct also weighs against an award" of fees under § 285. *AstraZeneca AB v. Aurobindo Pharma Ltd.*, 232 F. Supp. 3d 636, 649 (D. Del. 2017).

## III.   DISCUSSION

In its Motion, SIE identifies three categories of conduct it contends supports its claim for fees: (1) Plaintiffs Infernal Technology, LLC ("Infernal") and Terminal Reality, Inc.'s ("TRI") (collectively, the "Plaintiffs") infringement arguments were based on a theory contrary to the Court's claim construction; (2) Plaintiffs maintained an objectively baseless infringement claim against the PlayStation Vita console; and (3) Plaintiffs' damages case was legally deficient and not submissible.  (Dkt. No. 368 at 3, 7, 10).  For the reasons discussed below, the Court finds that, based on the totality of the circumstances, this conduct, without more, does not render this case exceptional.

### A.    Plaintiffs' Infringement Theory and the Court's Claim Construction[1]

SIE argues that Plaintiffs' "infringement case was predicated on a blatant disregard for the Court's claim construction," and that after reviewing SIE's code "it should have been obvious to Infernal that its infringement positions were untenable and frivolous" in light of the agreed constructions entered by the Court.  (Dkt. No. 368 at 3, 5).

Plaintiffs' response largely reargues the merits of their Motion for New Trial.  Plaintiffs do, however, argue that "[t]he most objective evidence refuting SIE's contention that Plaintiffs have been pursuing 'frivolous infringement theories' is the fact that SIE never filed a motion for summary judgment contending that Plaintiffs' infringement theories were legally flawed."  (Dkt.

---

[1] The parties again attempt to retread the merits of their positions regarding infringement and claim construction, which have already been fully briefed pursuant to Plaintiffs' Motion for New Trial (Dkt. No. 366).  The Court addresses the merits of the parties' positions in its Memorandum Opinion and Order on Plaintiffs' Motion for a New Trial filed contemporaneously herewith (the "New Trial Order").  Accordingly, the Court sees no need to take up the merits again.

No. 382 at 7–8). Plaintiffs note that SIE filed four other dispositive motions and filed a motion to strike Plaintiffs' expert report regarding damages, yet SIE never filed a dispositive motion on this issue. (*Id.* at 8).

The Court agrees with Plaintiffs. Although the Court agreed with SIE on the merits of these arguments (*see generally* New Trial Order), that analysis is separate and apart from whether Plaintiffs' infringement theory was so "untenable and frivolous" as to warrant fees. The Court finds that it was not. Notably, SIE did not raise the "light accumulation buffer" and "light image data" contradicting claim construction issue until it objected to witness testimony at trial. SIE never moved for summary judgment on the issue, nor did it ever move to strike Plaintiffs' infringement expert on the issue. Given that SIE had the opportunity to dispose of an allegedly "untenable and frivolous" position before trial but chose not to, weighs against awarding SIE its fees. *See Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421, 2014 WL 6756304, at *5 (E.D. Tex. Aug. 6, 2014) (Dyk, J.) ("[Plaintiff's] argument was certainly a weak one, but despite the alleged implausibility of [Plaintiff's] position, [Defendant] never sought summary judgment of non-infringement on the basis of the limitation at issue. This suggests that [Defendant] did not always view [Plaintiff's] infringement position as frivolous.").

### B.    Plaintiffs' PlayStation Vue Infringement Theory

SIE next argues that Plaintiffs "insisted on trying its infringement claim against SIE's PlayStation Vita console to the jury—requiring SIE to fully litigate the issue at great time and expense—only to concede non-infringement at the last second and request the Court enter judgment against Infernal on that issue." (Dkt. No. 368 at 8). SIE argues that Plaintiffs' expert testified at trial that he had never held a PlayStation Vita console despite opining that such consoles infringed the Asserted Patents. (*Id.*). SIE argues that such shows Plaintiffs exhibited "[w]illful

ignorance" in maintaining its infringement claims against the PlayStation Vita until the end of trial.  (*Id.* at 9).

Plaintiffs respond that Sony's "remote play" capability for the PlayStation Vita enabled certain allegedly infringing games to be streamed to a PlayStation Vita although not executed on the PlayStation Vita itself.  (Dkt. No. 382 at 10).  Therefore, Plaintiffs argue, SIE's contention that the PlayStation Vita infringement theory was "frivolous" because it could not play the Accused Products is incorrect.  (*Id.*).  Plaintiffs argue that the mere fact they chose to drop this issue at trial does not warrant finding the case exceptional.  (*Id.*).  Plaintiffs again note that "SIE did not file a motion for summary judgment on the issue of Plaintiffs' infringement claim against the PlayStation Vita product."  (*Id.*).  Plaintiffs argue that "[i]f SIE believes that Plaintiffs did not have a viable infringement claim regarding the PlayStation Vita product, it should have filed a dispositive motion," and SIE did not do so.  (*Id.* at 10–11).

The Court agrees with Plaintiffs.  Plaintiffs asserted an infringement theory based on the "remote play" capability of the PlayStation Vita, and the Court finds this theory was not obviously frivolous.  Although Plaintiffs decided to drop their claim of infringement as to the PlayStation Vita during trial, that alone is not a basis to find the case exceptional.  Further, as Plaintiffs note, SIE also did not file a dispositive motion on the PlayStation Vita console.  Like the previous issue, this weighs against the issuance of fees because it shows that SIE did not view this issue as frivolous enough to attempt to dispose of it before trial.

### C.    Plaintiffs' Damages Case

SIE argues that "despite asserting an infringement theory of direct infringement of method claims, Infernal proffered a damages theory 'entirely premised on sales of the Accused Products.'" (Dkt. No. 368 at 10).  SIE argues that the Court noted the deficiencies in Mr. Gunderson's report and permitted him to file a supplemental report—which the Court eventually struck as outside the

scope of the permitted supplement.  (*Id.* at 11).  SIE argues that this required the Court to bifurcate the issues of infringement and damages for trial.  (*Id.*).  SIE argues that in the seven-month period between the Court striking the supplemental report and bifurcating the case, SIE was forced to continue litigating this case, including defending against the legally deficient damages report in mediation.  (*Id.* at 12).

Plaintiffs respond by noting that the Court only struck Mr. Gunderson's supplemental report and never struck Mr. Gunderson's original report.  (Dkt. No. 382 at 11–12).  Plaintiffs note that the Court denied SIE's renewed motion to strike Mr. Gunderson's original report and subsequently bifurcated liability from damages for the October 4, 2021 trial.  (*Id.* at 12).  Plaintiffs argue that "[w]hatever issues the Court had, or may still have, with the Gunderson expert report submitted by Plaintiffs in this case, the issues were the product of reasonable litigation positions advanced by Plaintiffs that were never fully addressed by this Court."  (*Id.*).

The Court finds that this conduct does not rise to the level of being exceptional as to warrant an award of attorneys' fees.  It is true that Plaintiffs' refusal to follow the Court's directives on correcting its damages report led the Court to take the unusual step of bifurcating the liability and damages issues prior to the October 4, 2021 trial.  However, the issues with Plaintiffs' damages report were never fully resolved by the Court due to the bifurcation, and the Court declines to find that this unresolved issue, when taken in context, warrants an award of attorneys' fees.

## IV.    CONCLUSION

For the reasons discussed herein and based on the totality of the circumstances, the Court finds that this case is not exceptional under 35 U.S.C. § 285.  Accordingly, SIE's Motion is **DENIED**.

So ORDERED and SIGNED this 17th day of March, 2022.

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE